IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,                    11-CR-00247-BR

                  Plaintiff,            OPINION AND ORDER

v.

MARK A. NEUMAN, TIMOTHY D.
LARKIN, and LANE D. LYONS,

                  Defendants.


S. AMANDA MARSHALL
United States Attorney
SETH D. URAM
Assistant United States Attorney
HELEN L. COOPER
Special Assistant United States Attorney
1000 S.W. Third Ave., Ste. 600
Portland, OR 97204
(503) 727-1000

           Attorneys for Plaintiff


1  - OPINION AND ORDER

**EMILY SIMON**
26 N.E. 11th Ave.
Portland, OR 97232
(503) 239-6101

**TODD H. GROVER**
Ward Grover LLP
233 S.W. Wilson Ave., Ste 204
Bend, OR 97702
(541) 312-5150

> Attorneys for Defendant Mark A. Neuman

**JANET LEE HOFFMAN**
**CARRIE MENIKOFF**
Hoffman & Associates, LLC
1000 S.W. Broadway, Ste. 1500
Portland, OR 97205
(503) 222-1125

> Attorneys for Defendant Timothy D. Larkin

**JOHN S. RANSOM**
Ransom Blackman LLP
Congress Center
1001 S.W. Fifth Ave., Ste 1400
Portland, OR 97204-1144
(503) 228-0487

**Matthew A. Schindler**
P.O. Box 324
Lake Oswego, OR 97034
(503) 699-7333

> Attorney for Defendant Lane D. Lyons


**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion (#102) to Dismiss Count One of the Indictment as Duplicitous. On March 30, 2012, the Court heard oral argument on the Motion. For the reasons that follow, the Court **DENIES** the Motion.

2 - OPINION AND ORDER

## BACKGROUND

On June 22, 2011, the Grand Jury issued a two-count Indictment against Defendants Mark A. Neuman, Timothy D. Larkin, and Lane D. Lyons.  Count One charges Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349 and Count Two charges Conspiracy to Commit Transactional Money Laundering in violation of 18 U.S.C. § 1956(h).

Both charges arise from Defendants' work[1] with Summit Accommodators, which, as summarized in an earlier Opinion and Order (#71), was a "Qualified Intermediary" company doing business in Bend, Oregon, for the stated purpose of facilitating the exchange of "like-kind" or "1031" investment or income-producing real property by customers who deposited "Exchange Funds" with Summit while like-kind replacement property was identified and purchased.  During the relevant period, Summit controlled up to $110 million of Exchangers' deposits.

## DISCUSSION

Defendants contend Count One should be dismissed as duplicitous because, according to Defendants, Count One

---

[1] The Indictment alleges Defendant Neuman was an original owner-operator of Summit, Defendant Larkin was Director of Operations from December 2002 to December 2008, and Defendant Lyons was outside counsel for Summit from 2002 through May 2005. In addition, it is alleged Larkin and Lyons became owner-operators of Summit in early 2006.

improperly combines "two separate offenses" and "two distinct conspiracies" within that single count.

As noted, Count One charges Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349, which provides:

> Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

In turn, "wire fraud" is proscribed in 18 U.S.C. § 1343 in part as follows:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, **or** for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, . . . any writings, . . . for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

Emphasis added.

Although § 1343 sets out in disjunctive terms two different means of committing wire fraud, Defendants complain Paragraph 13 of the Indictment alleges in the conjunctive an agreement "to devise a scheme and artifice to defraud **and** to obtain money and property by means of material false and fraudulent pretenses, representations, and promises." (Emphasis added.)  Defendants also contend Count One improperly alleges multiple, distinct conspiracies:  "a wire fraud conspiracy spanning the entire time frame alleged . . . [and] separate and distinct conspiracies to conceal [Defendants'] activities."  Accordingly, Defendants

4  - OPINION AND ORDER

contend Count One should be dismissed as duplicitous.

I.    **Separate Offenses.**

   A.    **Standards.**

Separate offenses must be charged in separate counts of an indictment.  Fed. R. Crim. P. 8(a).  "An indictment is considered duplicitous if a single count combines two or more separate offenses."  *United States v. Renteria*, 557 F.3d 1003, 1007 (9th Cir. 2009).  If, however, a crime can be committed by "alternative means," the government may charge in a single count such "different means of a crime connected *by conjunctions*" when such "means are listed *disjunctively* in the statute."  *Id*. at 1008.  (Emphasis added.)  Thus,

> [w]hen a statute specifies two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count and proof of any of those acts conjunctively charged may establish guilt.

*Id*. (citing *United States v. Urrutia*, 897 F.2d 430, 432 (9th Cir. 1990)).

   B.    **Count One is not duplicitous when it alleges a conspiracy to commit wire fraud by conjunctively charging alternative means to commit that crime.**

The Court notes the charges at issue in *Renteria* did not involve wire fraud.  In support of the rule that a single count may conjunctively allege different means of committing an offense statutorily described in the disjunctive form, however,

5  - OPINION AND ORDER

the court in *Renteria* cited to *United States v. Urrutia*, a bank-fraud case, which, in turn, cited to *United States v. Bonanno*, 852 F.2d 434, 441 (9th Cir. 1988), a wire-fraud case in which it appears the Ninth Circuit first applied this rule in the wire-fraud context.

Notwithstanding Defendants' reliance on out-of-circuit decisions, it is settled in the Ninth Circuit that § 1343 and the mail-fraud statute on which it is based (18 U.S.C. § 1341) set forth different means to commit wire or mail fraud (*i.e.*, devising a scheme to defraud or devising a scheme for obtaining money or property by means of false or fraudulent pretenses, representations, or promises). *See, e.g., United States v. Woods*, 335 F.3d 993, 997-99 (9th Cir. 2003)("Under the mail fraud statute the government is not required to prove any particular false statement was made. Rather, there are alternative routes to a mail fraud conviction, one being proof of a scheme or artifice to defraud, which may or may not involve any specific false statements.")(Internal citations omitted.) *See also* Ninth Circuit Model Criminal Jury Instruction No. 8.121 ("MAIL FRAUD—SCHEME TO DEFRAUD **OR** TO OBTAIN MONEY OR PROPERTY BY FALSE PROMISES.") (Emphasis added.)

Thus, although § 1343 sets forth alternative means to commit wire fraud, Count One in this Indictment is not duplicitous when it alleges conspiracy to commit wire fraud by

6  - OPINION AND ORDER

conjunctively charging both such means to commit the crime.

## II. Multiple Conspiracies.

### A. Standards.

"[A]n indictment that charges a conspiracy to defraud
. . . and a second conspiracy to cover up the fraud is
duplicitous and therefore invalid, because it is impossible to
tell on which charge the jury convicted." *United States v.*
*Licciardi*, 30 F.3d 1127, 1130 (9th Cir. 1994)(citing *United*
*States v. Gordon*, 844 F.2d 1397, 1400 (9th Cir. 1988)).

### B. Count One does not allege multiple conspiracies and, therefore, is not duplicitous.

According to Defendants, Count One of the Indictment
improperly alleges both "a wire fraud conspiracy spanning the
entire time frame alleged" and "separate and distinct
conspiracies to conceal their activities." Defendants' Motion to
Dismiss (#102) at 7. Relying primarily on *Grunewald v. United*
*States,* 353 U.S. 391 (1957), and *United States v. Gordon*,
Defendants argue the government's allegations of concealment here
are separate from and not a part of the core conspiracy alleged
in Count One. Defendants assert Count One is duplicitous, and
there is a risk that Defendants could be found guilty of that
charge without knowing which of the purportedly multiple
conspiracies is the basis for that conviction.

In *Grunewald* the Supreme Court held the statute of
limitations on a crime may not be extended by including as part
of the charged offense acts of concealment or secrecy that are
intended to cover up the crime "after the crime begins to come to
light." *Id*. at 403.  The Court distinguished between:

> acts of concealment done in furtherance of
> the main criminal objectives of the
> conspiracy, and acts of concealment done
> after these central objectives have been
> obtained, for the purpose only of covering up
> after the crime.

*Id*. at 404.

In *Gordon* the defendants were convicted of conspiracy
to defraud the United States, obstruction of justice, and perjury
based on charges that they took kickbacks in exchange for inside
information about the design and construction of the Trident
Ballistic Missile program.  The court reversed the conspiracy
conviction because it found the conspiracy count charged both the
crime of fraud on the United States and a subsequent concealing
and covering up of a Grand Jury investigation into that crime,
which, in turn, produced a substantial danger of a nonunanimous
verdict.  The court concluded the evidence in that case did not
establish "one overall agreement among the various parties to
perform various functions in order to carry out the objectives of
the conspiracy."  *Gordon*, 844 F.2d at 1401.

The government maintains Defendants have read Count One selectively and failed to take into account allegations that are interrelated.    According to the government, when Count One is read as the government urges, the allegations of concealment would be understood as an integral part of the central object of the conspiracy.

Moreover, the government contends *Grunewald* and *Gordon* are distinguishable from this matter because the allegations in *Grunewald* and in *Gordon* framed two distinct phases to the defendants' criminal conduct in the same count:    The first phase was the defendants' actions taken to carry out the conspiracy and the second phase was the defendants' actions taken to cover their tracks after the conspiracy had come to light.

The Court agrees with the government's analysis.    The overarching conspiracy alleged in Count One describes the same scheme from start to finish; *i.e.*, to divert the Exchange Funds for the benefit of Defendants and to conceal that diversion from the Exchangers to prevent it from coming to light in the first place (and, presumably, in order to continue the diversion as long as possible).    Unlike in *Grunewald* and *Gordon*, Count One does not allege evidence of potential wrongdoing had come to light in the first instance, which prompted an investigation and, in turn, prompted Defendants' actions to cover-up their conduct. Instead, as in *Licciardi*, the main part of the conspiracy alleged

9  - OPINION AND ORDER

in Count One was to further Defendants' wire-fraud activities while the later activities were intended to avoid discovery of that fraud.

Read in this light, Count One does not create a risk of a nonunanimous verdict. "Jurors need not be unanimous as to a particular theory of liability so long as they are unanimous that the defendant has committed the underlying substantive offense." *United States v. Lyons*, 472 F.3d 1055, 1068-69 (9th Cir. 2007), *cert. denied*, 550 U.S. 937 (2007). In addition, the Court does not see any likelihood of a jury convicting Defendants of Count One solely on the actions they allegedly took to prevent the diversion of Exchange Funds from coming to light rather than on the actions they allegedly took to divert the Exchange Funds in the first place. In any event, if the evidence at trial produced "a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed different acts," a specific unanimity instruction can be given to address that risk. *Id.*

10 - OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **DENIES** Defendants' Motion (#102) to Dismiss Count One of the Indictment as Duplicitous.

Dated this 5th day of April, 2012.


_____
ANNA J. BROWN
United States District Judge

11 - OPINION AND ORDER