IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:11-CR-247-BR |
|     Plaintiff, | ORDER |
| v. | |
| MARK A. NEUMAN, TIMOTHY D. LARKIN, and LYON D. LYONS, | |
|     Defendants. | |

**S. AMANDA MARSHALL**
United States Attorney
**SETH D. URAM**
**DONNAMARIE MADDUX**
Assistant United States Attorneys
1000 S.W. Third St., Suite 600
Portland, OR 97204
(503) 727-1000

    Attorneys for Plaintiff

**EMILY SIMON**
26 N.E. 11th Avenue
Portland, OR 97232
(503) 239-6101

1    -    ORDER

**TODD H. GROVER**
Ward Grover, LLP
233 S.W. Wilson Avenue, Suite 204
Bend, OR 97702
(541) 312-5150

       Attorneys for Defendant Mark A. Neuman

**JANET LEE HOFFMAN**
**CARRIE MENIKOFF**
Janet Hoffman & Associates, LLC
1000 S.W. Broadway, Suite 1500
Portland, OR 97205
(503) 222-1125

       Attorneys for Defendant Timothy D. Larkin

**JOHN S. RANSOM**
Ransom Blackman, LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, OR 97204
(503) 228-0487

**MATTHEW A. SCHINDLER**
P.O. Box 324
Lake Oswego, OR 97034
(503) 699-7333

       Attorneys for Defendant Lane D. Lyons


**BROWN, Judge.**

    This Order resolves Part C of Defendants' Joint Motion (#191) *in Limine*.

    Defendants seek to preclude the government from offering evidence that the Rules of the Federation Exchange Accommodators (FEA) changed; Defendants were in violation of the Rules; knew they were in violation of the Rules, and, nonetheless, continued to operate in violation of the Rules.  Defendants also seek to

preclude the government from offering evidence that Defendants lied to the FEA to retain Summit's membership in the organization because that evidence is not relevant to Defendants' alleged intent to defraud exchangers, and, even if this evidence is relevant, it should still be excluded as unfairly prejudicial.

In its Response (#213) the government states: "[T]he government does not intend to offer evidence the defendants violated FEA guidelines or lied to the FEA to retain membership. Instead, the government will introduce several e-mails in which the defendants discuss the need to conceal their use of client funds from FEA and from their clients. This evidence will be offered to show the defendants' understand their use of client funds was fraudulent."

At the hearing on March 4, 2013, the Court directed the government to make a proffer of the email evidence that it seeks to offer within the scope of Part C of Defendants' Joint Motion, and, on March 12, 2013, the government filed its Proffer (#248) attaching three "email strings" showing statements by Defendants and Summit's employees about the issues involved in Summit renewing its FEA membership. The Court understands Defendants Lyons, Larkin, and Neuman do not intend to file any further argument on this issue.

Although the government does not specify the exact purpose for which these email strings are relevant, the Court concludes

3  -    ORDER

they generally reflect the actual state of mind of Defendants on the subjects described and, therefore, are generally relevant to their intent and not unfairly prejudicial.  To the extent that Defendants believe a limiting instruction is warranted on this subject, they may propose such an instruction with their other jury-instruction submissions or at trial when this evidence is introduced by the government.

Accordingly, the Court **DENIES** Part C of Defendants' Joint Motion (#191) *in Limine* as specified herein.

DATED this 19th day of March, 2013.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

4  -    ORDER