IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

               Plaintiff,

    v.

MARK A. NEUMAN, TIMOTHY D.
LARKIN, LANE D. LYONS,

               Defendants.

3:11-cr-00247-BR

OPINION AND ORDER ON MOTION
FOR *KASTIGAR* HEARING AND
MOTION TO REOPEN

S. AMANDA MARSHALL
United States Attorney
District of Oregon
SETH D. URAM
DONNA M. MADDUX
Assistant United States Attorneys
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1000

        Attorneys for Plaintiff

**JANET LEE HOFFMAN**
**CARRIE MENIKOFF**
Janet Hoffman U& Associates LLC
1000 S.W. Broadway, Suite 1500
Portland, OR 97205
(503) 222-1125

**ROBERT R. CALO**
Lane Powell, PC
601 S.W. Second Avenue, Suite 2100
Portland, OR 97204
(503) 778-2104

             Attorneys for Defendant Larkin

**JOHN S. RANSOM**
Ransom Blackman, LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, OR 97204
(503) 228-0487

**MATTHEW A. SCHINDLER**
501 Fourth Street, #324
Lake Oswego, OR 97034
(503) 699-7333

             Attorneys for Defendant Lyons

**EMILY SIMON**
26 NE 11th Ave.
Portland, OR 97232
(503) 239-6101

**TODD H. GROVER**
Ward Grover, LLP
233 S.W. Wilson Avenue, Suite 204
Bend, OR 97701
(541) 312-5150

             Attorneys for Defendant Neuman

**BROWN, Judge.**

This matter comes before the Court on Defendant Timothy D. Larkin's Motion for a *Kastigar* Hearing (#297) in which he requests the Court to require the government to establish in another evidentiary hearing that it obtained documents the parties refer to as the Lyons Confidential Memo and the October 18, 2006 Partnership Meeting Minutes from a "legitimate source wholly independent" from Defendant Larkin's proffer agreement. The Court previously addressed at length the government's use at trial of those documents in its May 1, 2013, Opinion and Order (#283) issued after an evidentiary hearing and, among other things, the Court denied that part of Defendant Larkin's Motion *In Limine* (#182) seeking an order precluding the government's trial use of those documents to the extent Assistant Federal Public Defender Christopher J. Schatz was their source. Also before the Court is Defendant Larkin's Motion (#303) to Reopen the Record on that Motion *in Limine* in which Larkin requests the Court to permit him to present additional evidence and, based on that reopened evidentiary record, to reconsider its May 1, 2013, Opinion and Order (#283).

For the reasons that follow, the Court **grants in part and denies in part** Larkin's Motion for a *Kastigar* Hearing and **denies** Larkin's Motion to Reopen.

## BACKGROUND

Because the parties are familiar with the factual and procedural background of this case, the Court highlights only those portions of the record necessary to determine the instant motions.

On February 1, 2013, Defendant Larkin filed a Motion *in Limine* to Exclude Proffer Statement and Related Documents (#182), in which Larkin sought to preclude, or limit, the government's use at trial the Lyons Confidential Memo and the Meeting Minutes. In that Motion, Larkin asserted that the terms of his Proffer Agreement limit how the government may use these documents against him and the other defendants at trial.  Defendant Larkin and Defendant Mark A. Neuman made several other filings advancing multiple bases for excluding the Lyons Confidential Memo and the Meeting Minutes (including #192, 199, 222, 223, 268).  The government also filed numerous memoranda setting forth its rationale for use of the documents at trial (#216, 230, 263).

At a hearing on several issues on March 4, 2013, Assistant United States Attorney Seth Uram stated the government had a source of the disputed documents that was independent of Defendant Larkin's proffer, namely AFPD Schatz, counsel for Brian Stevens.  In response, Larkin's counsel, Janet Lee Hoffman, asserted that an implied joint-defense agreement (JDA) among Stevens, Neuman, Larkin, Lane D. Lyons, and their counsel

4 - OPINION AND ORDER -

extended the attorney-client privilege to these same documents and protected the documents from disclosure by AFPD Schatz. The Court determined that disputed factual issues required an evidentiary hearing to resolve these issues and set a deadline for Defendants to specify whether and to what extent they asserted a privilege to the disputed documents. Defendant Larkin and Defendant Neuman then filed Notices Asserting Attorney-Client Privilege (#251, 253), and the parties filed additional briefing (#256, 268).

On April 9, 2013, the Court conducted a full-day evidentiary hearing. At the hearing, the government asserted it had possession of the disputed documents from three separate sources: (1) Defendant Larkin's proffer; (2) the copies discovered via forensic searches of the Defendants' redacted hard drives; and (3) AFPD Schatz. Moreover, the government made clear at the start of that hearing its position that AFPD Schatz was a legitimate source of the documents wholly independent of Larkin's proffer, and, therefore, it was permitted to use documents without limitation at trial (Transcript of Proceedings, April 9, 2013 (#279) p. 6). Also during the hearing, the Court made clear its intent to issue a comprehensive ruling on all the issues concerning the government's use of the Lyons Confidential Memo and the Meeting Minutes to avoid any need to revisit the issues (Id. at 8).

After the hearing, Defendant Larkin submitted an additional Memorandum in Support of his Motion *in Limine* and additional evidence from Attorney Hoffman (#269, 272-276).  The government also submitted additional briefing following the evidentiary hearing (#271).  In the government's post-hearing memoranda, it again emphasized its contention that AFPD Schatz was an independent source of the Lyons Confidential Memo and the Meeting Minutes, citing *Kastigar*, and the government pointed to the evidence admitted at the hearing, including the testimony of AFPD Schatz, in support of that conclusion.

On May 1, 2013, the Court issued a 63-page Opinion and Order (#283) making detailed findings of fact and conclusions of law concerning the government's ability to use the disputed documents at trial.  The Court analyzed each of the three sources of the documents and specified the extent to which the government could use the documents against each Defendant.  Critically, the Court determined that the documents the government obtained from AFPD Schatz could be used against Defendant Larkin in its case-in-chief in an admissible form for an admissible purpose.

## I.    DEFENDANT LARKIN'S MOTION FOR *KASTIGAR* HEARING

### A.    *Kastigar* Standards

A defendant may request a hearing to determine if the government's plan to introduce testimony at trial would violate a

6 - OPINION AND ORDER -

defendant's immunity agreement, or the defendant's Fifth
Amendment privilege against self-incrimination. *United States v.
Montoya*, 45 F.3d 1286, 1291-92 (9th Cir. 1995); *United States v.
Schwartz*, 541 F.3d 1331, 1356 (11th Cir. 2008). In a *Kastigar*
hearing, the government has the significant burden to show its
evidence was "'derived from a source wholly independent of the
compelled testimony.'" *Montoya*, 45 F.3d at 1292 (quoting
*Kastigar v. United States*, 406 U.S. 441, 461 (1972)). When a
defendant enters into an informal immunity agreement with the
government rather than assert his Fifth Amendment privilege
against compelled testimony, the scope of immunity is governed by
the terms of the agreement itself. *United States v. Dudden*, 65
F.3d 1461, 1467 (9th Cir. 1995). The proffer agreement is
interpreted using ordinary contract principles. *United States v.
Plummer*, 941 F.2d 799, 802 (9th Cir. 1991).

The government may meet its *Kastigar* burden even without a
formal evidentiary hearing, and the need for a hearing is
determined on a case-by-case basis. The government "may meet its
*Kastigar* burden of proof as to the existence of independent,
prior sources through affidavits." *Montoya*, 45 F.3d at 1298.
"[A] hearing is not required if no factual issues are left to
resolve, or if the government meets its burden to show
independent sources through the use of affidavits." *Dudden*, 65
F.3d at 1468.

7 – OPINION AND ORDER –

B.    **Because the Evidentiary Record is Already Sufficiently
      Developed, a *Kastigar* Hearing is Unnecessary**.

At no point before the Court's issuance of the May 1, 2013,
Opinion and Order did Defendant Larkin request a *Kastigar* hearing
or ask that the Court make specific findings under *Kastigar*.
Nevertheless, although the April 9, 2013 evidentiary hearing was
not labeled a *Kastigar* hearing, its scope was broad, the Court
made clear the hearing was intended to encompass all preliminary
issues concerning whether the government could use the Lyons
Confidential Memo and the Meeting Minutes in its case-in-chief
and against any defendant, and, in fact, the government developed
an evidentiary record, subject to Defendant's cross-examination,
as to its contention that AFPD Schatz is an independent source of
the challenged evidence.  To the extent specific, additional
findings beyond those made in the Court's May 1, 2013, Opinion
and Order are required to address Defendant's *Kastigar* motion,
however, the Court concludes the evidentiary record developed at
the hearing and in the parties' voluminous pre- and post-hearing
briefing is more than sufficiently developed to address that
issue.  Accordingly, the Court concludes an additional
evidentiary hearing is unnecessary, *Dudden*, 65 F.3d at 1468, and,
therefore, denies Defendant Larkin's request for a Kas*tigar*
evidentiary hearing.

8 - OPINION AND ORDER -

C.    **Factual Findings Relevant to *Kastigar***

Nevertheless, in its ongoing pre-trial efforts to resolve comprehensively all of the issues surrounding admissibility of the Lyons Confidential Memo and the Meeting Minutes, the Court grants Larkin's Motion to the extent that the Court now makes specific factual findings and conclusions of law concerning *Kastigar* in order to complete the record. Although the Court incorporates herein all of its Findings of Fact and Conclusions of law made in the May 1, 2013, Opinion and Order, the Court emphasizes the following Findings of Fact apply particularly to Defendant's *Kastigar* Motion:

1.    Attorney Hoffman disclosed the Lyons Confidential Memo to Attorney Matasar because: (1) she thought rules of conduct made it her "professional duty" to determine whether an attorney-client privilege protected the Confidential Memo arising from Lyon's status as a lawyer, and (2) she thought there was an understanding among defense counsel to share significant or important evidence so that the parties could decide how to handle it. Opinion and Order (#283) p. 19.

2.    In December 2009, arrangements were made for AFPD Schatz to be court-appointed to substitute for Attorney Larry Matasar as counsel for Brian Stevens. Matasar arranged to have Stevens's file forwarded to Attorney Nell Brown, Schatz's colleague. Matasar sent an email to Brown attaching "important

documents"; *i.e.,* the Confidential Memo and the Meeting Minutes. There is nothing in Matasar's transmitted file materials and there was not a discussion between Matasar and Schatz or Brown to indicate there was any joint defense agreement in place or, in particular, that the Confidential Memo or Meeting Minutes had some type of attorney-client protection that Schatz and Brown needed to observe.  In reviewing the file as Stevens's new counsel, it was significant to Schatz that Defendants Lyons and Larkin had "gone quickly to the government," and he concluded Attorney Hoffman's disclosure to the government of the "devastating" Confidential Memo meant there was a difference of interests between Lyons and Larkin vis-a-vis Defendants Stevens and Neuman.  Indeed, Schatz inferred Lyons and Larkin were cooperating against Stevens.  Nevertheless, Schatz engaged in cooperative efforts with other defense counsel as he actively pursued the defense of Stevens.  Opinion and Order (#283) p. 23-24.

3.    On April 7, 2011, Stevens pled guilty pursuant to a Plea Agreement with the government.  On May 5, 2012, AFPD Schatz provided a copy of the Confidential Memo to Judge Mosman and to AUSA Uram as part of Stevens's sentencing submissions in 3:11-cr-00132-MO.  Although Schatz did not file the Confidential Memo in the public record, he, nevertheless, made multiple references to its content in his publicly-filed submissions.  There is not any

evidence that Defendants Larkin or Neuman objected to Schatz's disclosure of the Confidential Memo. Opinion and Order (#283) p. 24-25.

4.   On March 4, 2013, as part of Stevens's ongoing cooperation agreement with the government, AFPD Schatz forwarded copies of the Confidential Memo and the Meeting Minutes to AUSA Uram.  Opinion and Order (#283) p. 25.

5.   Defendant Larkin's Proffer Agreement permits the government to use Larkin's proffer information and documents against Defendants Neuman and Lyons for any purpose to the extent that the documents are otherwise admissible.  Opinion and Order (#283) p. 27.

6.   Defendants Neuman and Larkin have not established Attorney Matasar's transfer of the Confidential Memo and Meeting Minutes to AFPD Schatz was protected by a JDA.  To the extent that any JDA existed, Defendants have not established that such JDA/attorney-client privilege extends to the Confidential Memo and the Meeting Minutes. Opinion and Order (#283) p. 28.

D.   **Conclusions of Law under *Kastigar***

To the extent that separate Conclusions of Law are necessary to resolve Defendant's *Kastigar* Motion, the Court notes it has already concluded as follows:

The government's third source of the Lyons Confidential Memo and Meeting Minutes, AFPD Schatz, is not proffer-protected and is

11 - OPINION AND ORDER -

not subject to an implied JDA/attorney-client privilege;
therefore, these documents are available to the government for
use for an admissible purpose against any Defendant, including
Defendants Larkin and Neuman, in an admissible form.  Opinion and
Order p. 29.

For the reasons that follow, the Court also concludes the
government has established that its copies of the Confidential
Lyons Memo and the Meeting Minutes it has obtained from AFPD
Schatz is derived from a legitimate source wholly independent of
the documents proffered by Defendant Larkin.

**E.   <u>The Government Possesses the Confidential Memo and the
       Meeting Minutes from a Wholly Independent Source</u>.**

As noted, AFPD Schatz received the documents from Attorney
Matasar and then provided them to AUSA Uram by way of an
attachment to Mr. Stevens's sentencing memo in Steven's separate
criminal case, and again, in an email as part of his ongoing
cooperation agreement with the government.  On this record, the
Court readily concludes that the government has sufficiently
demonstrated its source of these documents, AFPD Schatz, was
derived wholly independent of Larkin's proffer, and, therefore,
the government has satisfied its *Kastigar* burden.

Nevertheless, Defendant Larkin contends that because AFPD
Schatz's only source of the disputed documents is Attorney
Matasar, who received them from Attorney Hoffman, Schatz's

possession of the documents is therefore "linked" to and
"tainted" by Larkin's proffer.    The Court disagrees.

As the Court has already made clear, Attorney Hoffman gave
the disputed documents to Attorney Matasar out of a "professional
duty" and because she believed it was important for all of the
Defendants to work to limit the damage from the documents.    But
just as Defendant Larkin's Proffer Agreement does not extend
proffer protections to co-defendants, the Court likewise
determined Hoffman's voluntary disclosure of the Confidential
Memo and the Meeting Minutes to Matasar was not a proffer-
protected event.    Thus, regardless of Hoffman's motivations in
sharing the Confidential Memo with Matasar, her doing so is
legally independent of her client's proffer.    In other words,
simply because Hoffman gave Matasar the same documents that she
gave to the government does not "taint" or "link" the two.
Importantly, Larkin does not cite any authority, and the Court
has not found any, for this proposition.

In summary, the Court is satisfied on this extensive record
that the government has met its *Kastigar* burden and demonstrated
by a preponderance of the evidence that its source of the
Confidential Memo and the Meeting Minutes is "wholly independent"
of the same documents provided to the government via Defendant
Larkin's proffer.    Accordingly, *Kastigar* does not preclude the

13 - OPINION AND ORDER -

government from introducing the challenged evidence, and, to this extent, the Court denies Larkin's Motion.

Finally, although the Court is concerned that this Motion was unnecessary, the Court does not find a basis to grant the government's request to sanction Larkin's counsel, and, therefore, the Court denies that request.

## II.  MOTION TO REOPEN THE RECORD AND RECONSIDER DEFENDANT LARKIN'S MOTION IN LIMINE

In the Motion to Reopen (#303), Defendant Larkin seeks to permit his counsel, Attorney Hoffman, to submit additional evidence *in camera* and under seal for the Court's further review and reconsideration of the issues it has already resolved in its May 1, 2013, Opinion and Order (#283).  Larkin argues that Hoffman withheld this evidence from the evidentiary hearing because it is protected by attorney-client privilege, would have disclosed privileged work product, and, in any event, was unnecessary from Hoffman's perspective because she believed the evidence that was offered was sufficient to establish a JDA in the first instance.  According to Larkin, the proposed additional evidence could establish, contrary to the Court's Findings of Fact and Conclusions of Law, the existence of a JDA which would extend attorney-client protection to the Lyons Confidential Memo,

and, in turn, could change the outcome of the Court's analysis on this very important issue.

A.    **Standards for Motion for Reconsideration**

Motions for reconsideration are disfavored and only are appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted). Motions for reconsideration are granted sparingly. *Id.* at 1263; *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Whether to grant a motion to reconsider is reserved to the sound discretion of the Court. *See United States v. Brobst*, 558 F.3d 982, 994 (9th Cir. 2009)(denial of a motion to reconsider a suppression order is reviewed for abuse of discretion); *United States v. Hobbs*, 31 F.3d 918, 923 (9th Cir. 1994)(district court's denial of motion to reconsider and reopen hearing to disqualify witnesses reviewed for abuse of discretion). District courts have the inherent power to control their dockets. *See, e.g., Perminger v. Peake*, 552 F.3d 757, 769 (9th Cir. 2008)(abuse discretion standard applies to district court's decisions concerning litigation management).

**B.** **Defendant Larkin Has Not Provided Any Acceptable Justification to Reconsider the Court's Opinion and Order**.

Defendant Larkin has not provided any legal basis for the Court to reconsider its May 1, 2013, Opinion and Order.  In particular, Larkin has not identified any newly discovered evidence for the Court's consideration, but, instead, seeks to supplement the record with evidence Larkin's counsel chose to withhold such as e-mails, time slips and correspondence.  Indeed, other than supposing the Court would find differently than it did, Larkin fails to offer any reason why such evidence was not or could not have been presented *in camera* for the Court's review in the manner Larkin now proposes but before the Court issued its decision.  The proposed new evidence is clearly not "newly discovered."  *ACandS, Inc.*, 5 F.3d at 1263 ("[T]he failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'").

Defendant's request to reopen is even more troubling at this juncture because the Court put Larkin's counsel on notice during the evidentiary hearing of specific factual issues of concern to the Court which counsel declined to address.  The Court reminded counsel that Larkin bore the evidentiary burden because Defendant Larkin was asserting the JDA/attorney-client privilege, and the Court would be required to make its findings based on the record developed.  *See Transcript of Proceedings, April 9, 2013*, p. 75

16 - OPINION AND ORDER -

(the Court stated "One can't assert a privilege and not prove
it").  The fact that hindsight now suggests Larkin underestimated
his evidentiary burden is not a basis for reconsideration.  *See*
*United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131
(E.D.Cal. 2001)(party seeking reconsideration must do more than
recapitulate arguments considered by the court before it rendered
the original decision finding that the party failed to carry its
burden).

In addition, Defendant Larkin has not established that the
Court committed any clear error or that its initial decision was
manifestly unjust or that there has been an intervening change in
the controlling law.  Instead, Defendant Larkin relies upon
several cases involving reconsideration of motions to suppress as
to informants and the so-called "informer's privilege."  *See*
*United States v. Buffington,* 815 F.2d 1292 (9th Cir. 1987)*;*
*United States v. Tucker*, 380 F.2d 206 (2d Cir. 1967).  None of
these cases, however, involves reconsideration of a motion *in*
*limine* in circumstances similar to this matter, and the Court
does not find them helpful here.

Moreover, Defendant Larkin's arguments also ignore the
following critical holding in the Opinion and Order:

> Because Defendants have not established the underlying
> documents themselves were privileged in the first place
> or that they somehow "became" privileged during the
> pendency of this prosecution, the Court concludes
> Defendants have failed to carry their burden to

establish that the disputed documents are protected by a JDA/attorney-client privilege.  Opinion & Order (#283), p. 59.

Even if the Court were to admit additional evidence concerning the existence of a JDA, that additional evidence would not alter the Court's holding that the underlying documents themselves are not privileged or attorney work product and that Defendants failed to establish that JDA protections extend to those non-privileged documents themselves.  Because additional evidence on a JDA does not redress that flaw, Larkin's motion is irrelevant.

Finally, in the particular circumstances of this case, the Court finds this record does not support the exercise of the Court's discretion to permit reconsideration even if Larkin could meet the applicable test.  The Court concludes it would be quite unfair and would undermine the administration of justice to permit a party who made conscious and strategic decisions to withhold evidence specifically responsive to the Court's factual inquiries to reopen the record to submit that evidence after receiving an adverse ruling.  The Court is not aware of any just circumstance to permit such a process, and the Court declines to make this case a first.

In summary, the issues presented in Defendant Larkin's Motion *in Limine* have been amply, if not exhaustively, briefed.  Defendant Larkin has had numerous opportunities to present

evidence and arguments to the Court.  The Court has issued a detailed Opinion and Order setting forth its rationale. Accordingly, the Court declines to exercise its discretion to permit Defendant Larkin another bite at the apple, especially in light of the adverse ruling.  *See Lake v. First Nat. Ins. Co. of America*, 2011 WL 873142, *4-5 (N.D. Cal. 2011)(denying motion for reconsideration where plaintiffs simply reargued issues decided at summary judgment).  Accordingly, Defendant Larkin's motion to reopen the evidentiary record and reconsider the Court's Opinion and Order is denied.

## CONCLUSION

Based on the foregoing, Defendant Larkin's Motion for a *Kastigar* Hearing (#297) is GRANTED IN PART to permit the Court's consideration of *Kastigar* issues; Defendant Larkin's Motion for a *Kastigar* evidentiary hearing is DENIED; and the Motion is DENIED in all other respects.  Defendant Larkin's Motion to Reopen the Record and for Reconsideration (#303) is DENIED.

IT IS SO ORDERED.

DATED this 16 day of MAY, 2013.

_____
Anna J. Brown
United States District Judge

19 - OPINION AND ORDER -